# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THOMAS A. TRAVER and REGINA
LIST TRAVER,

    Plaintiffs,

v.                                                     Case No.   3:14-cv-895-J-32MCR

WELLS FARGO BANK, N.A.,

    Defendant.

## **O R D E R**

Plaintiffs Thomas and Regina Traver allege that Defendant Wells Fargo Bank, N.A. committed a breach of contract (Count One), fraudulent inducement (Count Two), and a violation of the Florida Deceptive and Unfair Trade Practice Act (Count Three). (Doc. 15). After the Court dismissed the Travers' initial complaint with leave to amend (Doc. 13), the Travers filed an Amended Complaint (Doc. 15). Wells Fargo moved to dismiss (Doc. 16) and the Travers responded (Doc. 19). The Travers also filed a supplemental authority. (Doc. 23).

While Count Three alleges a FDUTPA claim against Wells Fargo, FDUTPA does not apply to "[b]anks or savings and loan associations regulated by federal agencies . . . ." Fla. Stat. § 501.212 (2014). Wells Fargo contends that it is a bank regulated by federal agencies and therefore is exempt from FDUTPA. (Doc. 16 at 22). In response, the Travers contend only that federal law does not preempt FDUTPA. (Doc. 19 at 15-18).

The Travers argue that state consumer financial laws are only preempted by federal law in certain circumstances not present here. (Doc. 19 at 15-18) (citing 12 U.S.C. § 25b (2014)). But even if that is true, it is irrelevant to the issues at hand. Wells Fargo does not argue that federal law preempts FDUTPA, it argues that FDUTPA, by its very terms, prevents relief. FDUTPA does not apply to banks, like Wells Fargo, that are regulated by federal agencies. See § 501.212. As such, even assuming that FDUTPA is not preempted by federal law, Count Three is due to be dismissed.[1]

Wells Fargo makes other arguments for dismissal of the Travers' Amended Complaint, including raising serious questions about whether the Travers' claims are barred by the Florida Banking Statute of Frauds. However, given the posture of the case, the Court will reserve ruling on these matters until it considers dispositive motions.

Accordingly, it is hereby

**ORDERED:**

Wells Fargo's Motion to Dismiss (Doc. 16) is **GRANTED in part** and **DENIED in part**. Count Three of the Amended Complaint is **DISMISSED with prejudice**.

---

[1] Some courts have denied motions to dismiss FDUTPA claims where it was not clear from the face of the complaint that the defendant was acting as a bank, rather than in some other capacity. See, e.g., Diaz v. U.S. Bank, N.A., No. 14-CIV-20741, 2014 WL 4639431, at *5 (S.D. Fla. Sept. 16, 2014). However, it is undisputed that Wells Fargo was acting as a national bank regulated by federal agencies, as the Travers' only argument against dismissal is that their claim is not preempted by federal law. (Doc. 19 at 15-18).

However, the motion is denied with respect to Counts One and Two. Wells Fargo has until **July 7, 2015** to answer the Amended Complaint.

**DONE AND ORDERED** in Jacksonville, Florida the 19th day of June, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Counsel of record