# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

THOMAS A. TRAVER and REGINA
LIST TRAVER,

      Plaintiffs,

v.                                      Case No. 3:14-cv-895-J-32MCR

WELLS FARGO BANK, N.A.,

      Defendant.

_____

# O R D E R

Wells Fargo moves to strike the affidavits of Thomas and Regina Traver, Bryan and Carolynn Mickler, and Joy Bryant-Baucum filed in opposition to Wells Fargo's motion for final summary judgment based on various evidentiary and procedural grounds. (Docs. 49, 50.) For the reasons that follow, the Court considered the Travers' and Micklers' affidavits in support of the Travers' opposition to summary judgment, and therefore Wells Fargo's motion to strike these affidavits will be denied. The Court agrees with Wells Fargo, however, that the affidavit of Ms. Bryant-Baucum must be stricken.

## I.    THE TRAVERS' AND MICKLERS' AFFIDAVITS

Wells Fargo moves to strike the affidavits of Thomas and Regina Traver (Docs. 43-1, 43-2, and 43-3) and Bryan and Carolynn Mickler (Doc. 43-4) as sham affidavits and because they contain inadmissible hearsay or are otherwise improper based on the Travers' failure to disclose this evidence during discovery. (Doc. 49.) In particular,

Wells Fargo asserts that the affidavits for the first time raise new claims relating to the signing of the modification agreement at Mr. Traver's bankruptcy attorney's office. Wells Fargo also contends that these affidavits conflict with each other and with the affiants' prior testimony. The Travers assert that Wells Fargo's arguments go to the weight rather than the admissibility of the documents, and therefore the affidavits should not be stricken. (Id. at 15.) The Court agrees with the Travers.

Courts may find that affidavits are shams when they inherently conflict with prior deposition testimony without offering an explanation for the inconsistency. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 656 (11th Cir. 1984). Put simply, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issues of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." (Id. at 657.) A court must find that the prior testimony and affidavit contain inherent inconsistencies before it may disregard the affidavit, and should only do so sparingly in light of the consequences. Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1316 (11th Cir. 2007) ("[T]o allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the . . . affiant . . . was stating the truth.") (quotations omitted).

Here, the affidavit submitted by the Travers, although different in some respects from their prior testimony, is not so inherently inconsistent as to warrant the

harsh consequence of striking it. To the extent that their affidavit differs from their prior testimony, resolving conflicts in the evidence and determining credibility are functions of the factfinder, not the Court at the summary judgment stage. Accordingly, Wells Fargo's motion to strike is denied as to the Travers' affidavit.

Both Bryan and Carolynn Mickler, identified by Mr. Traver in his responses to Wells Fargo's interrogatories as persons with knowledge of the information in the complaint, also submitted affidavits in opposition to Wells Fargo's motion for summary judgment.[1] These affidavits are somewhat inconsistent with the Travers' deposition testimony and affidavits, as well as the pleadings, and therefore present a closer call.

The Travers offer no explanation for the inconsistencies in the Micklers' affidavits, or why the Micklers' recollections are different from their own as to the material facts surrounding whether Mr. Mickler signed and returned the agreement. Because whether the loan modification agreement was executed and returned is central to the breach of contract claim, the Travers' failure to explain, or even attempt to explain, these material inconsistencies gives the Court some reservation in allowing the Mickler affidavits to remain part of the record. Because the Micklers' affidavits are inconsistent with the Travers' prior sworn testimony, however, and not the Micklers' own testimony (they have not yet been deposed[2]), this also amounts to a

---

[1] Specifically, Mr. Traver's response states that Bryan Mickler arranged the request for modification through the Bankruptcy Court and Carolynn Mickler notarized Mr. Traver's signature on the loan modification agreement. (Doc. 37-1 at 4-5.)

[2] Wells Fargo's brief addressing the potential conflict of the Travers' counsel

credibility issue that falls short of warranting the striking of the affidavits. Accordingly, Wells Fargo's motion to strike will also be denied as to the Mickler affidavits.

## II.    AFFIDAVIT OF JOY BRYANT-BAUCUM

Wells Fargo also asks the Court to strike the affidavit of Joy Bryant-Baucum, filed as an expert affidavit, because her opinion lacks evidentiary support and rests on her conclusion that a contract was formed, which is not permissible expert testimony in courts of the Eleventh Circuit. (Doc. 50.) The Travers dispute that her opinion contains legal conclusions and assert that her testimony ultimately will be helpful to a jury. (Doc. 52.)

Rule 704(a), Federal Rules of Evidence, provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue," but courts have held that experts may not express a legal conclusion. See Cook v. Sheriff of Monroe Cnty., Florida, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) (citing Fed. R. Evid. 704(a) and United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977)); see also Maldonado v. Snead, 168 F. App'x 373, 386 (11th Cir. 2006) (affirming the district court's decision to strike expert affidavit upon finding it contained, inter alia, legal conclusions, conclusory statements of fact, and inadmissible facts, and therefore did not create genuine issue for trial); McMahan Sec. Co. L.P. v. FB Foods, Inc., No. 8:04-cv-1791-T-

---

suggests that it will seek to depose the Micklers. (See Doc. 62 at 2 ("This conclusion is further mandated by the fact that Bryan Mickler must now be deposed regarding his statements in the affidavit."), 4 ("Wells Fargo is plainly entitled to depose and seek further discovery from each of the Micklers, and the law firm, about their personal knowledge of the now-claimed events of March and April 2013.").)

4

24TGW, 2007 WL 473666 (M.D. Fla. Feb. 8, 2007) (excluding expert testimony regarding parties' agreement and amendment where expert's report contained impermissible legal conclusion).

Here, Ms. Bryant-Baucum's affidavit states that she was "made aware" of certain facts, among them that "Traver returned the completed home modification agreement" and that Wells Fargo's receipt of Mr. Traver's payments "evidenced the Travers' acceptance of the Wells Fargo loam modification proposal." (Doc. 43-6 at 2, 8.) Thus, her "conclusions regarding the formation of a contractual relationship between the Travers and Wells Fargo" are that Wells Fargo's March 20, 2013 letter constituted an offer; Mr. Traver accepted the offer by executing the agreement and, "to his knowledge," returning it; and that Wells Fargo ratified Mr. Traver's acceptance by retaining the three payments Mr. Traver made to Wells Fargo and by failing to send Mr. Traver a notice of non-approval. (Id. at 16.)

Ms. Bryant-Baucum's opinion in her affidavit states:

> On the basis of the foregoing facts, data and conclusions, your affiant offers an opinion that as a consequence of the mediation described in the foregoing facts, data and conclusions, the Traver/Wells Fargo Loan Modification Agreement (Mortgage) was a contractual relationship entered into between Traver and Wells Fargo which was subsequently ratified by Wells Fargo. When Wells Fargo foreclosed on the Traver mortgage in State Court, Wells Fargo actually foreclosed on a mortgage that was current and paid by the Travers because the original mortgage had been modified by the Traver/Wells Fargo Loan Modification Agreement (Mortgage).

(Id. at 16-17.)

The Court agrees with Wells Fargo that the affidavit testimony contains impermissible legal conclusions which invades the province of the factfinder. Moreover, as Wells Fargo contends, Ms. Bryant-Baucum does not state that she has personal knowledge of the facts of this case or that she personally reviewed the relevant underlying documents. Instead, she relies on information of which she was "made aware" and "data extracted from the Treasury Department's HAMP program." (Id. at 16.) She also does not identify how the Travers' mortgage modification qualifies for, or was offered pursuant to, the HAMP program. Accordingly, the affidavit will be stricken.[3]

Accordingly, it is hereby

**ORDERED:**

1.      Defendant, Wells Fargo Bank, N.A.'s Motion to Strike Affidavits Submitted in Opposition to Motion for Summary Judgment (Doc. 49) is **DENIED**.[4]

2.      Defendant, Wells Fargo Bank, N.A.'s Motion to Strike Affidavit of Joy S. Bryant-Baucum Submitted in Opposition to Motion for Summary Judgment (Doc. 50) is **GRANTED**. The affidavit of Ms. Bryant-Baucum (Docs. 43-6, 43-7) is **STRICKEN**.[5]

---

[3] The Court's review indicates that Ms. Bryant-Baucum is a well-regarded mortgage mitigation counselor. The Court's Order striking her affidavit is not based on her qualifications but only on the content of her opinion offered in this case.

[4] This ruling is consistent with the Court's previous Order denying Defendant's motion for summary judgment (Doc. 59).

[5] In ruling on Defendant's motion for summary judgment, the Court did not consider this affidavit. However, the Court has ruled on this motion in the event Plaintiffs seek to use Ms. Bryant-Baucum's testimony at trial.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of February, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab
Copies:

Counsel of record