**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:14-cv-00895-TJC-MCR**

THOMAS A. TRAVER and
REGINA LIST TRAVER,

         Plaintiffs,

vs.

WELLS FARGO BANK, N.A. a/k/a
WELLS FARGO HOME MORTGAGE,

         Defendant.

_____/

**DEFENDANT WELLS FARGO BANK, N.A.'S AMENDED**
**MOTION TO STRIKE PLAINTIFFS' DEMAND FOR JURY TRIAL**

Pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), hereby moves to strike Plaintiffs Thomas Traver and Regina Traver's ("Plaintiffs") demand for jury trial. In support thereof, Wells Fargo states as follows:

**I.     RELEVANT FACTUAL BACKGROUND**

Plaintiffs filed this suit against Wells Fargo for damages under theories of breach of contract, fraud and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), arising out of a foreclosure action based upon Plaintiff Thomas Traver's default under the terms of a mortgage loan serviced by Wells Fargo on behalf of HSBC Bank, USA, National Trust Company, as Trustee for the Holders of Mastr Reperforming Loan Trust 2006-1 ("HSBC Bank, as Trustee"). *See* Compl., D.E. 15.

The mortgage loan was evidenced by a promissory note and mortgage executed by Thomas Traver only for the amount of $122,251.00, secured by real property located at 10515 Osprey Nest Drive W, Jacksonville, Florida. The mortgage expressly provides in relevant part:

**25. Jury Trial Waiver.**   The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

A copy of the Mortgage is attached as **Exhibit 1** and incorporated herein.[1]

Plaintiffs' only remaining claim in this action is for breach of contract against Wells Fargo.  Plaintiffs claim that the parties entered into a modification agreement that Thomas Traver purportedly signed on April 1, 2013 and returned to Wells Fargo on that day, and that the completion of the foreclosure sale of their property was a breach of the modification agreement. *Id.*, ¶¶49-61.   The modification agreement provides in relevant part that, "except as otherwise specifically provided", the "Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with all of the terms and provisions thereof, as amended by this Agreement."  D.E. 15, Ex. 10, ¶8. Thus, by its express terms, the agreement modified and amended the mortgage, with the mortgage provisions remaining in effect unless otherwise specifically changed and the agreement becoming part of the mortgage, as amended. *See Glenn B. Wright Const. & Dev., Inc. v. Cohara*, 87 So. 3d 1276, 1278 (Fla. 4th DCA 2012) (holding that plain language of addendum showed the intent of the parties was for it to serve as a contract modification incorporating all of the terms of the original contract).

As Plaintiffs now contend, Wells Fargo's execution of the modification agreement occurred through the merger of an electronic signature of Megan Shepherd, Home Preservation Specialist – appearing on a cover letter stating that the modification agreement would be sent at a later time – with the unexecuted signature block on the agreement itself.  This theory not only requires an assumption that Shepherd was authorized to sign a modification agreement on behalf

---

[1]  The Mortgage is incorporated by reference in the Complaint, and thus, may be considered by the Court as though it were attached, *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Wells Fargo also previously requested the Court to take judicial notice of the Mortgage, recorded in the Public Records of Duval County, Florida. D.E. 33, Ex. K.

of Wells Fargo, as attorney in fact for HSBC Bank, as Trustee, but also that the "merger" of her electronic signature on the cover letter with the signature block on the modification agreement, also had the effect of notarizing her signature, as required by the agreement.

Notably, while suing for breach of contract, Plaintiffs do not contend that Regina Traver is a party to any contract, nor is there any documentation to suggest that she is a party to any contract. Instead, their claim is based entirely on Plaintiffs' allegations that the completion of the foreclosure sale of their property was a breach of the modification agreement purportedly executed by Thomas Traver on April 1, 2013. *Id.*, ¶¶49-61.

As set forth more fully below, Plaintiffs' demand for jury trial should be stricken because the agreement that forms the basis for Plaintiffs' only remaining claim contains a jury trial waiver through which Thomas Traver knowingly, voluntarily, and intelligently waived his right to a jury trial. And although Regina Traver is not a signatory to either the modification or the original mortgage agreement, Plaintiffs' claims attempt to extend the benefits of these contracts to Regina Traver as if she were a party. Therefore, the same provisions that are binding on Thomas Traver must be binding on Regina Traver, to the extent she can even claim a breach of the modification agreement.

## II.    <u>MEMORANDUM OF LAW</u>

Pursuant to Rule 39(a)(2), when a jury trial has been demanded under Rule 38, the Court may *sua sponte* or upon motion, find that there is no federal right to a jury trial as to some or all of the issues. A motion to strike a jury demand can be brought at any time before trial. *Tracinda Corp. v. DaimlerChrysler AG,* 502 F.3d 212, 226–27 (3rd Cir. 2007); *accord Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *9 (S.D. Fla. Apr. 4, 2013); *Acciard v Whitney*, No. 2:07-CV-00476-FtM-36DNF, 2011 WL 4902972, at *3 (M.D. Fla. Oct. 13, 2011). Therefore, this Motion is timely.

As Section 25 of the Mortgage provides, the right to a trial by jury is waived in "*any* action, proceeding or counterclaim . . . *arising out of or in any way* related to this Security Instrument or the Note" (emphasis added).   This precise waiver found in Section 25 of the Mortgage has been repeatedly held to be valid and enforceable by Federal Courts including District Courts in the Middle District and Southern District of Florida.

In *Kunzelmann v. Wells Fargo Bank, N.A.*, 2012 WL 2003337, * 6 (S.D.Fla. June 4, 2012), the Court held that the waiver is enforceable because the "totality of the circumstances indicate that the waiver is enforceable. The waiver is not unconscionable, contrary to public policy or simply unfair. It was clear and conspicuous." *Id.*; *see also Sekesen v. Aegis Funding Corp.,* No. 09–62026–CIV, 2010 WL 1249443 at *1 (S.D.Fla. March 25, 2010) (upholding Section 25 jury trial waiver in mortgage agreement); *Oglesbee v. IndyMac Financial Services, Inc.,* 675 F.Supp.2d 1155, 1159 (S.D.Fla. 2009) (same); *Anderson v. Apex Fin. Group, Inc.*, No. 8:08-CV-949-T-30MSS, 2008 WL 2782684, at *1 (M.D. Fla. July 16, 2008) (upholding jury trial waiver provision in mortgage agreement where the waiver was in its own separate paragraph, was in the same size font as the rest of the document, and where it stated in clear and unambiguous language that Plaintiff is waiving her right to a jury trial); *Murphy v. Cimarron Mortgage Company*, 2007 WL 294229, *2 (M.D. Fla. Jan. 29, 2007) (same).

Here, just as with the above cited cases and the numerous other cases upholding this same jury waiver, the waiver provision at issue in the Mortgage should be upheld.

**First**, there can be no dispute that the waiver applies to the claims being made here.  The claims are based upon Wells Fargo's breach of the modification agreement which, by its express terms, amends and modifies the payment provisions and term of the mortgage, while the parties remain bound by the otherwise unchanged provisions of the mortgage, including the jury trial

waiver provision in Section 25 of the Mortgage.  *See, e.g.,* D.E. 15, ¶59 ("Wells Fargo breached the mortgage modification agreement that had been entered into between Travers and Wells Fargo by continuing the foreclosure through to the ultimate sale.").  *See also Cohara,* 87 So. 3d 1276 at 1278.

Plaintiffs' claims therefore relate directly to, and are intertwined with, the performance of the Mortgage and thus fall within the broad scope of the jury waiver provision in the Mortgage. *See Deutsche Bank Nat. Trust Co. v. Foxx,* 971 F. Supp. 2d 1106 (M.D. Fla. 2013) (mortgagor's claims against mortgagee and loan servicer based on what he thought was an agreement that purportedly modified his mortgage and brought it current, were subject to Section 25 jury trial waiver).

**Second**, Thomas Traver indisputably signed the original mortgage agreement that forms the basis for their claim, and the entire action is now based on their contention that he signed the modification agreement on April 1, 2013.  Further, as discussed above, even though Regina Traver is not a party to the modification agreement or to the original mortgage, Plaintiffs' claims attempt to extend the benefits of these contracts to Regina Traver as if she were a party. Therefore, the same provisions that are binding on Thomas Traver must be binding on Regina Traver, even though her claims are likely to ultimately fail.

**Finally**, there can be no dispute that Wells Fargo is entitled to enforce the jury trial waiver at issue.  Jury trial waivers apply to agents "with regard to claims arising from acts taken within the scope of their employment or agency." *Hamilton v. Sheridan Healthcorp, Inc.,* No. 13-62008, 2014 WL 537343, at *3 (S.D. Fla. Feb. 11, 2014); *see also Andre v. Sellstate Realty Sys. Network, Inc.,* No. 2:09-CV-503, 2010 WL 3259413 (M.D. Fla. Aug. 18, 2010), *adopting report and recommendation,* 2010 WL 3259415, at *10 (M.D. Fla. July 30, 2010) (defendants

"who were sued as agents . . . may invoke the Jury Trial Waiver provision, even though neither personally was a signatory to the Promissory Note"). Since Plaintiffs are attempting to hold Wells Fargo liable for breach of contract, the agreement must be mutually enforceable against Plaintiffs. *Foxx*, 971 F. Supp. 2d at 1120 (M.D. Fla. 2013) (mortgagor waived his right to a trial by jury against mortgagee and servicer based on the waiver provision in his mortgage).

Although it should be noted that a few judges in the Southern District have previously found that a loan servicer who was not a party to the mortgage could not invoke the contractual waiver of jury trial, those cases are distinguishable. *See Hamid v. Ocwen Loan Servicing, LLC*, No. 13-62821-CIV, 2014 WL 766659 (S.D. Fla. Feb. 26, 2014); *Omega v. Deutsche Bank Trust Co. Americas*, 920 F. Supp. 2d 1298 (S.D. Fla. 2013); *Williams v. Wells Fargo Bank, N.A.*, No. 11-cv-21233-RNS, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011).

Specifically, none of those cases have involved a situation where, as here, Plaintiffs are making affirmative claims against the servicer for breach of the same mortgage agreement where the jury trial waiver provision is found.  In other words, because Plaintiffs are attempting to enforce the provisions of the mortgage against Wells Fargo under a breach of contract theory, Wells Faro has the right to invoke the jury trial waiver against Plaintiffs, notwithstanding whether those claims ultimately succeed.

For this same reason, cases holding that a jury trial waiver in a mortgage is no longer applicable after the entry of a Final Judgment of Foreclosure, are likewise inapplicable.  *See DeFrancesco v. Veripro Sols. Inc.*, No. 2:14-CV-27-FTM-29DNF, 2015 WL 179376, at *4 (M.D. Fla. Jan. 14, 2015).  Specifically, while under Florida law, a mortgage merges into the Final Judgment of Foreclosure, thereby extinguishing it along with its accompanying provisions (*see, e.g., JPMorgan Chase Bank, N.A. v. Hernandez,* 99 So.3d 508, 511 (Fla. 3d DCA 2011),

the mortgage here is still at issue because Plaintiffs' claims are expressly based on the mortgage itself and the modifying provisions of the purported modification agreement.

Unlike the *DeFrancesco* case, where the claims were based on alleged violations of debt-collection statutes accruing after a foreclosure judgment was entered, Plaintiffs' claims here attempt to enforce the provisions of the mortgage and claim that those provisions were breached. Therefore, Wells Faro must have the right to invoke the provisions of the mortgage including the jury trial waiver contained therein.

## III.   CONCLUSION

For the reasons set forth above, the Court should strike Plaintiffs' demand for a jury trial because (a) Thomas Traver contractually waived the right to a jury trial, (b) Regina Traver is seeking relief pursuant this same contract, and (c) the waiver provision unquestionably encompasses the only remaining claim asserted herein.

<strong>CERTIFICATE OF GOOD FAITH CONFERENCE</strong>

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with Plaintiffs' counsel regarding the relief sought in this motion, and Plaintiffs do not agree with the relief sought in the motion.


Dated:  April 29, 2016

Respectfully submitted,

Michael K. Winston, Esquire
Florida Bar No. 051403
mwinston@carltonfields.com
Kristin A. Gore, Esquire
Florida Bar No. 059090
kgore@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL  33401-6149
Florida Bar No. 650331
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368

By: /s/  Kristin A. Gore
　　　Kristin A. Gore
　　　kgore@carltonfields.com
　　　Florida Bar No. 59090

*Counsel for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system.

Albert H. Lechner, Esq.
TERRELL HOGAN YEGELWEL, P.A.
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
lechner@terrellhogan.com
mdijanni@terrellhogan.com
*Counsel for Plaintiffs*

/s/ Kristin A. Gore
　Kristin A. Gore
　kgore@carltonfields.com
　Florida Bar No. 59090