**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NUMBER: 3:14-cv-00895-TJC-MCR

THOMAS A. TRAVER and
REGINA LIST TRAVER,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. a/k/a
WELLS FARGO HOME MORTGAGE,

Defendant.
______________________________________/

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *AMENDED MOTION TO STRIKE PLAINTIFFS' DEMAND FOR JURY TRIAL***

Plaintiffs, by and through the undersigned attorney, hereby file this *Opposition to Defendant's Amended Motion to Strike Plaintiffs' Demand for Jury Trial*, and respectfully states as follows:

1.) Plaintiffs are simultaneously seeking leave to file a *Second Amended Complaint* that adds a count for FCCPA, which permits a jury trial. Hence, *Defendant's Amended Motion to Strike Plaintiffs' Demand for Jury Trial* is premature pending Defendant's answer to the *Second Amended Complaint*.

2.) In addition, Florida courts have rejected the argument that a consumer waived its right to a jury trial in a FCCPA case by executing a mortgage that included a jury trial waiver. In Skiathitis v. Wells Fargo Bank, 22 Fla.L.Weekly Supp. 710a (Hernando County Court Case No. 2013CC1083 Nov. 18, 2014), the Court held that the jury wavier provision contained in the mortgage did not apply and that the consumer had not waived her right to a FCCPA jury trial as

the cause of action arose from Florida Statute 559 and not the mortgage itself, citing, Marian Farms, Inc. v. Suntrust Banks, Inc., 135 So.2d 363 (Fla. 5th DCA 2014) [39 Fla.L.Weekly D69a]; Jones v. Bank of America, N.A., 2012, 2012 WL 3065381 (M.D. Fla. July 27, 2012); and Burns v. Lawther, 53 F.3d 237 (11th Cir. 1995).

3.) "The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and 'should be scrutinized with utmost care.'" Martorella v. Deutsche Bank Nat. Trust Co., No. 12-80372-CIV, 2013 WL 1136444, at 1 (S.D. Fla. Mar. 18, 2013)(quoting Haynes v. W.C. Caye Et Co., Inc., 52 F.3d 928, 930 (11th Cir.1995)) However, if the waiving party did "knowingly and voluntarily" waive the right to a jury trial, then the Eleventh Circuit has held such a waiver enforceable. Bakrac, Inc., et al. v. Villager Franchise Sys., Inc., 164 Fed. Appx. 820, 823 (11th Cir.2006).

4.) In determining whether a waiver was executed knowingly and voluntarily the court "considers factors such as: '(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiver party was represented by counsel.'" Correa v. BAC Home Loans Servicing LP, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at 15 (M.D. Fla. Apr. 9, 2012)(quoting Collins v. Countrywide Home Loans, Inc., 680 F.Supp.2d 1287, 1294 (M.D.Fla.2010)). Plaintiffs' did not knowingly and voluntarily waive the right to jury trial when signing the mortgage. The waiver provision was not conspicuous in the contract; the plaintiffs were not sophisticated and experienced; the Plaintiffs had no bargaining power within which to contest the provision, and was not represented by counsel. The waiver should be held invalid and not in effect.

5.) Plaintiffs also argue that Defendant Wells Fargo as the mortgage servicer has no standing to enforce to enforce the jury trial waiver. In Dorothy Thompson v. Caliber Home Loans, Inc. (USDC, S.D. Florida January 22, 2016), the plaintiff obtained a loan and executed a mortgage containing a jury trial waiver in which the plaintiff waived "any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in a way related to" the mortgage and note. The Court, applying contract principles, held that the loan servicer defendant did not have standing to enforce the provision because it was not a party to the mortgage.

6.) In the case at bar, the underlying state foreclosure complaint filed against the Travers attached a mortgage between Thomas A. Traver and First Liberty Mortgage Co. and a note between the same. Paragraph 25 of the mortgage provides for a jury waiver in any action, proceeding, claim or counterclaim whether in contract or tort, at law or in equity, arising out of or in any way related to this security instrument [mortgage] or the note. The note however is the note is silent as to jury waiver. Counsel for the Plaintiffs is unaware of any assignment in favor of Defendant Wells Fargo. There is an allonge from First Liberty Mortgage to Wells Fargo Home Mortgage. The allonge nerely provides that payments should be made to the order of WF Home Mortgage. More important, in the foreclosure case, and the underlying bankruptcy cases involving the Plaintiffs, Case, HSBC Bank, USA, National Trust, claims that it is the holder of the mortgage note and holder and entitled to enforce the mortgage note. HSBC, and not Wells Fargo filed a claim in the bankruptcy cases involving the Plaintiffs. Ch. 13 case.

7.) Defendant, Wells Fargo has not demonstrated that it is the holder or assignee of the mortgage and/or note. Moreover, in light of HSBC's representations in the foreclosure proceedings and the bankruptcy proceedings, that it is the holder of the mortgage and note, then Defendant

Wells Fargo is at best the mortgage servicer. If Defendant Wells Fargo is the servicer, it was not assigned all rights, rather, just the rights of payment.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to deny Defendant's *Amended Motion to Strike Plaintiffs' Demand for Jury Trial* at this time.

**TERRELL HOGAN YEGELWEL, P.A.**

Date: May 13, 2016

/s/ Albert H. Lechner, Esq.
**Albert H. Lechner**
Florida Bar No.: 0022717
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
Telephone No.: (904) 632-2424
Fax No.: (904) 632-2027
Primary Email: lechner@terrellhogan.com
Secondary Email: mdijanni@terrellhogan.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing the following:

Michael K. Winston, Esq.
Kristin A. Gore, Esq.
Carlton Fields Jorden Burt, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401-6149

**TERRELL HOGAN YEGELWEL, P.A.**

/s/ Albert H. Lechner, Esq.

**Albert H. Lechner**
Florida Bar No.: 0022717
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
Telephone No.: (904) 632-2424
Fax No.: (904) 632-2027
Primary Email: lechner@terrellhogan.com
Secondary Email: mdijanni@terrellhogan.com
Attorney for Plaintiffs