UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS A. TRAVER and REGINA
LIST TRAVER,

    Plaintiffs,

v.                                    Case No. 3:14-cv-895-J-32MCR

WELLS FARGO BANK, N.A.,

    Defendant.

## O R D E R

    Wells Fargo moves to strike Plaintiffs' demand for jury trial based on a provision in the Mortgage signed by Thomas Traver that waives the right to a jury trial "in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. 83; Doc. 83-1 at 14 ¶ 25.) Plaintiffs contend that they did not knowingly and voluntarily waive such right because it was not conspicuous in the contract, they are not sophisticated and experienced, they had no bargaining power with which to contest the waiver provision, and they were not represented by counsel at signing. (Doc. 84 at 2.) Plaintiffs also contend that, as merely a servicer of the Mortgage, Wells Fargo lacks standing to enforce the waiver. (Id. at 3-4.) Because Plaintiffs' opposition relied in part on their position that the motion to strike was premature because they were seeking leave to amend their complaint, the Court provided Plaintiffs an opportunity to supplement their opposition (Doc. 87 at 4), but none was filed.

A party may waive his right to a jury trial so long as the waiver was made knowingly and voluntarily. Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 F. App'x 820, 823 (11th Cir. 2006) (citing Brookhart v. Janis, 384 U.S. 1, 4-5 (1966)). In determining whether a waiver was made knowingly, voluntarily, and intelligently, courts consider: (1) the conspicuousness of the waiver provision in the contract; (2) the sophistication and experience of the contracting parties; (3) the opportunity for negotiation of the contractual terms; (4) the relative bargaining power of the parties; and (5) whether the waiving party was represented by counsel. Allyn v. W. United Life Assur. Co., 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004). Taking these factors into consideration, the Court examines the totality of the circumstances to determine whether the waiver is unconscionable, contrary to public policy, or unfair. Id.

Upon due consideration, the Court finds that, under existing precedent, Thomas Traver waived his right to a jury trial. He signed the Mortgage on the signature page (Doc. 83-1 at 15), and his initials are found on the page containing the waiver provision, directly under a paragraph titled, in bold letters, "Jury Trial Waiver." (Doc. 83-1 at 14.) The waiver provision is conspicuous and unambiguous. Mr. Traver has not been shown to be unsophisticated.

Plaintiffs' sole remaining claim for breach of contract unquestionably falls within the scope of the waiver provision as one either arising out of or "in any way related" to the Mortgage. In fact, the waiver provision is found (by incorporation) within the very modification documents on which Plaintiffs' sole claim is based and

which they now seek to enforce against Wells Fargo.[1] The waiver provision is therefore enforceable, and Wells Fargo, as the mortgage servicer and only named defendant in this breach of contract action, is entitled to enforce it. Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1120 (M.D. Fla. 2013); Hamilton v. Sheridan Healthcorp, Inc., No. 13-62008-CIV, 2014 WL 537343, at *3 (S.D. Fla. Feb. 11, 2014) (defendant could enforce waiver provision even though not a party to the contract because plaintiff's claims arose out of actions taken by the defendants in the scope of their agency and employment with contract signatory); Andre v. Sellstate Realty Sys. Network, Inc., No. 2:09-cv-503-FtM-36SPC, 2010 WL 3259415, at *3-4 (M.D. Fla. July 30, 2010) (same), adopted by 2010 WL 3259413 (M.D. Fla. Aug. 18, 2010).[2]

The Court does have concerns whether consumers like Mr. Traver (and the many others like him), who are uncounseled and presented with form contracts that contain a jury waiver provision, really are in a position to make a "knowing and voluntary" waiver of their constitutional right to trial by jury. In a future case, on

---

[1] Regina Traver is not a signatory to the original Mortgage or the modification documents. Indeed, the Court may revisit why she is even a party. However, to the extent that Plaintiffs seek to extend the benefits of the contracts to Regina Traver as if she were, she is bound by Thomas' waiver.

[2] The Court recognizes, as the Travers note and Wells Fargo candidly acknowledges, that courts in the Southern District of Florida have determined that a servicer who was not a party to the mortgage could not enforce a jury trial waiver. See, e.g., Thompson v. Caliber Home Loans, Inc., Case No. 15-21616-CIV-GAYLES, 2016 WL 278731 (S.D. Fla. Jan. 22, 2016). This Court finds these cases distinguishable from the facts in this case.

different facts, the Court is willing to revisit this issue in more depth. Thus, this decision is strictly limited to the facts of this case.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Wells Fargo Bank, N.A.'s Amended Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. 83) is **GRANTED**. The jury demand in Plaintiffs' Amended Complaint (Doc. 15) is hereby stricken.

2. The Court will set this case for non-jury trial by separate order.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of July, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

ab
Copies:

Counsel of record